ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN INFORMAL ATTORNEY GENERAL OPINION REGARDING THE ABILITY OF DIRECTORS OF A RURAL WATER DISTRICT TO ENTER INTO CONTRACTS WITH THE DISTRICT'S BOARD. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU RAISED.
IN PARTICULAR, YOU RAISED THE FOLLOWING QUESTIONS TO BE ADDRESSED:
 IS IT A CONFLICT OF INTEREST OR OTHERWISE ILLEGAL FOR A RURAL DIRECTOR OF A RURAL WATER DISTRICT TO CONTRACT FOR MANUAL LABOR SERVICES TO BE PERFORMED PERSONALLY BY SUCH DIRECTOR WITH SUCH RURAL WATER DISTRICT?
 IF SUCH A CONTRACT IS ILLEGAL, AND IF THE BOARD ENTERS INTO SUCH A CONTRACT, ARE THE BOARD MEMBERS LIABLE FOR THE AMOUNTS PAID?
THE ATTACHED ATTORNEY GENERAL OPINION NO. 79-202 APPLIES TO THE FIRST QUESTION YOU RAISED. THAT OPINION FINDS THAT, UNDER OKLAHOMA LAW, A DIRECTOR OF A RURAL WATER DISTRICT MAY NOT ENTER INTO A CONTRACT IN WHICH THE DIRECTOR HAS A DIRECT OR INDIRECT INTEREST. A MEMBER OF THE WATER BOARD IS "INDIRECTLY INTERESTED IN A BOARD CONTRACT WHEN THE DIRECTOR HAS OR IS LIKELY TO HAVE A PECUNIARY INTEREST IN THE CONTRACT WHICH INTEREST IS LIKELY OR WOULD TEND TO INTERFERE WITH THE DIRECTOR'S OBJECTIVE PERFORMANCE OF HIS PUBLIC DUTY". IN FACT, PURSUANT TO 21 O.S. 344 (1991), THAT DIRECTOR WOULD BE GUILTY OF A MISDEMEANOR.
IN THE EVENT THAT THE WATER DISTRICT IN ISSUE WAS ESTABLISHED AS A PUBLIC TRUST UNDER TITLE 60, INSTEAD OF AS A RURAL WATER DISTRICT UNDER TITLE 82, I HAVE ALSO ATTACHED ATTORNEY GENERAL OPINION NO. 80-145. THAT OPINION ADDRESSES CONFLICTS OF INTEREST IN A PUBLIC TRUSTEE WHO CONTRACTS WITH THE TRUST.
PURSUANT TO 60 O.S. 178.8 (1991), IT IS A CONFLICT OF INTEREST FOR A PUBLIC TRUSTEE TO DIRECTLY OR INDIRECTLY CONTRACT WITH THE PUBLIC TRUST. SECTION 178.8 PROVIDES THAT A TRUSTEE ENTERING INTO A PROHIBITED CONTRACTUAL RELATIONSHIP IS SUBJECT TO REMOVAL AND THE CONTRACT UNENFORCEABLE UNLESS THE RECORDS OF THE TRUST SHOW THAT THE CONTRACTUAL RELATIONSHIP WAS SECURED BY COMPETITIVE BIDDING FOLLOWING A PUBLIC INVITATION TO BID.
HOWEVER, THE ATTORNEY GENERAL OPINION NO. 80-145, AT PAGE 246, FINDS THAT THIS SECTION 178.8 EXEMPTION PERTAINING TO CONTRACTS BETWEEN TRUSTS AND THEIR TRUSTEES IS UNCONSTITUTIONAL. IN PARTICULAR, THE OPINION CITES OKLA. CONST., ARTICLE X, SECTION 11 WHICH PROVIDES AS FOLLOWS:
 THE RECEIVING, DIRECTLY OR INDIRECTLY, BY ANY OFFICER OF THE STATE, OR OF ANY COUNTY, CITY OR TOWN, OR MEMBER OR OFFICER OF THE LEGISLATURE, OF ANY INTEREST, PROFIT, OR PERQUISITES, ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR MONEYS TO BE RAISED THROUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT, OR COUNTY PURPOSES, SHALL BE DEEMED A FELONY. SAID OFFENSE SHALL BE PUNISHED AS MAY BE PRESCRIBED BY LAW, A PART OF WHICH PUNISHMENT SHALL BE DISQUALIFICATION TO HOLD OFFICE.
THE ATTORNEY GENERAL OPINION FINDS THAT THE EXCEPTION IN 60 O.S. 178.8 IS UNCONSTITUTIONAL TO THE EXTENT IT ALLOWS PUBLIC OFFICERS TO ENTER INTO CONTRACTS WHICH WOULD GIVE RISE TO A FELONY UNDER ART. X, 11 AS DESCRIBED ABOVE.
THE EFFECT OF AN ATTORNEY GENERAL OPINION IS ADVISORY ONLY. STATE EX REL. YORK V. TURPIN, 681 P.2D 763 (OKLA. 1984). HOWEVER, THE SUPREME COURT HAS DECLARED THAT PUBLIC OFFICIALS HAVE AN IMPORTANT RESPONSIBILITY TO "EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH." WESTINGHOUSE V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713, 718 (OKLA. 1986).
IN SUMMARY, IT IS A CONFLICT OF INTEREST FOR A DIRECTOR OF A RURAL WATER DISTRICT TO ENTER INTO CONTRACT WITH THE BOARD WHERE THE DIRECTOR DERIVES A DIRECT OR INDIRECT BENEFIT FROM THAT CONTRACT. THIS IS TRUE BOTH UNDER THE LAWS GOVERNING RURAL WATER DISTRICTS AND PUBLIC TRUSTS. THE ONLY EXCEPTION TO THAT RULE, AS PERTAINS TO PUBLIC TRUSTEES WHO HAVE PARTICIPATED IN PUBLIC BIDDING, HAS BEEN FOUND BY THE ATTORNEY GENERAL TO BE UNCONSTITUTIONAL ND IN DIRECT CONFLICT WITH ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION.
YOU ALSO ASKED, IN THE EVENT THAT FACTS ARE SUFFICIENT TO ESTABLISH THAT THE CONTRACT WAS ILLEGAL, WHETHER THE BOARD MEMBERS WILL BE LIABLE FOR THE AMOUNTS PAID OUT UNDER THE CONTRACT. IF THIS RURAL WATER DISTRICT WAS ESTABLISHED AS A TRUST, 60 O.S. 179 (1991) WOULD APPLY. UNDER SECTION 179, TRUSTEES ARE PROTECTED FROM PERSONAL LIABILITY.
IN CONTRAST, IF THE DISTRICT IS NOT A TRUST, PUBLIC EMPLOYEES ARE PROTECTED FROM PERSONAL LIABILITY FOR TORTS AS LONG AS THEY ACTED WITHIN THE SCOPE OF THEIR EMPLOYMENT. 51 O.S. 153. OF COURSE, IF TRUSTEES ENTER INTO A CONTRACT PROHIBITED BY LAW, SUCH ACTIVITY MOST LIKELY WOULD BE OUTSIDE THE SCOPE OF THEIR EMPLOYMENT.
WHETHER OR NOT A BOARD MEMBER OR TRUSTEE WOULD BE SUBJECTED TO PERSONAL LIABILITY FOR AMOUNTS PAID OUT UNDER A PROHIBITED CONTRACT WOULD DEPEND ON THE PARTICULAR FACTS AND CIRCUMSTANCES OF A GIVEN CASE. SUCH FACTUAL CIRCUMSTANCES ARE OUTSIDE THE SCOPE OF THIS OPINION.
(BRITA HAUGLAND CANTRELL)